No. 35.—Henry C. Petty, Philip A. Clayton, Robert A. Ware and others, plaintiffs in error, *vs.* William Mahaffy defendant in error.

[1.] In all applications for new trial in the Supreme Court, a biief of the testimony in the cause must be filed by the party applying for such new trial, under the revision and approval of the court, at the term of the court at which the application is made, in conformity to the 61st rule of practice.

Motion for new trial. From Muscogee Superior Court. Heard before Judge Alexander and overruled. May Term, 1847.

This was an action of debt, originally brought by the defendant in error, against the plaintiffs in error, in the Inferior Court of the County of Muscogee; and afterwards tried on the appeal in the Superior Court of said County, and in finding by the special jury for the defendant in error.

Several counts were joined in the action. One upon a judgment recovered in Florida, and the others for work and labour, &c., and all in the form of the action of debt.

A motion was made to arrest the judgment, and was allowed by the Court. Exceptions were taken to the decision, and the case by writ of error was carried before the Supreme Court, and the judgment of the Court below arresting the judgment, was *reversed.*

It appears that when the motion in arrest of judgment was made in the Court below, notice was also given the adverse party, that in the event the motion in arrest should be overruled, a motion for a new trial in the cause would be made.

After the judgment of the Court below arresting the judgment, had been reversed by the Supreme Court, and the case sent back, this motion for new trial was made, in pursuance of the notice originally given. The grounds for motion for new trial are omitted here, because immaterial, not having been considered by the Supreme Court.

The counsel for the defendant in error, objected to the hearing said motion for new trial in the Court below, because it appeared that at the term of the Court when the case was tried on the appeal, and notice given of the motion for new trial, *no brief of evidence was made and agreed upon by the parties, or approved by the Court and entered on the minutes.*

The counsel for the plaintiffs in error then offered to prove, by affidavits or otherwise as the Court might direct, that the only evidence offered and received on the part of the defendant in error, who was plaintiff below, was the testimony of Thomas Jordan, taken by interrogatories; and the evidence of Henry C. Petty by interrogatories was the only evidence offered by the plaintiffs in error, and which was rejected on the trial below; Hill, presiding Judge, holding that the witness Petty was incompetent, on the ground of interest, and his testimony inadmissible. Counsel for the defendant in error waived the introduction of the testimony offered, but insisted that the same was not *a brief of evidence*, and protested against its being so considered. Whereupon the coun

sel for the plaintiffs in error moved the Court below to approve and allow the same to be entered upon the minutes as *a brief of evidence,* which the Court refused, and the counsel for plaintiffs in error excepted.

Upon this exception error was assigned. There was another exception to the decision of the Court below, in its refusing to grant a *rule nisi* for new trial. This exception, though referred to in the brief of counsel, is omitted, the judgment of the Supreme Court being based upon the ground that there was no *brief of evidence, &c.*

HINES HOLT, for the plaintiffs in error, cited the following authorities.

1. As to the rejection of the evidence of Henry C. Petty, 1 *Phil. Ev.* 33, 34, 39 ; 16 *Pick. R.* 301 ; 5 *Watt. R.* 179 ; 1 *Ala. R.* 506 ; 5 *id.* 694 ; 3 *D. & E. R.* 27 ; 3 *East. R.* 25 ; 10 *id.* 395 ; 20 *Eng. C. L. R.* 177 ; 2 *Esp.* 550.

2. As to the granting new trial under the peculiar circumstances of this case, see 5 *N. Hampshire R.* 477, cited in 3 *U. S. Dig.* 558 ; " After a verdict, the defendant moved for a new trial and in arrest of judgment. Judgment was arrested, and on error to the court above, the order of arrest was reversed. It was ruled that the record should be remitted to the court below for their decision on the motion for new trial."

This Court recognised the same right to an alternative motion in *the State* vs. *Reynolds.* 2 *Tidd* 913 lays down the rule relied on by the defendant in error, which is not supported by the references. *See* 2 *Salk.* 647 ; 10 *Eng. C. L.* 301 ; 1 *Burrow* 333 ; 16 *Eng. C. L.* 262 ; *Bull. N. P.* 326 ; 40 *Eng. C. L.* 554 ; 5 *T. R.* 436 ; 12 *M. & W.* 830.

The legal maxim of Lord Coke, " *Nemo prohibetur pluribus defensionibus uti,*" is peculiarly applicable to this case, and if it was not, might well have formed the basis of the 9th section of the Judiciary Act of 1799.

JONES, BENNING & JONES, for the defendant in error, submitted the following points and authorities :

1. A new trial will not be granted after a motion in arrest of judgment. 4 *B. & C.* 160 ; 1 *Burrow* 333 ; 2 *Salk.* 647 ; 2 *Tidd Pr.* 913.

2. Nor will it be granted unless applied for, and the application entered on the minutes during the term at which the judgment

was rendered, and unless the testimony be briefed, approved, and entered on the minutes at the same term.   *Graddy* vs. *Hightower*, 1 *Kelly* 254, 255.

3. Petty was incompetent as a witness from interest.   3. *Phil. Ev.* 82;  *Hall* vs. *Rex*, 6 *Bing.* 181;  3 *Phil. Ev.* 266 ;  18 *Johns. R.* 459 ;  *Penny* vs. *Martin*, 4 *Johns. Ch. R.* 566 ;  1 *Stew. R.* 139 ;  1 *McCord* 552 ;  *Ransom* vs. *Keyes*, 9 *Cowen*, 128.

4. Petty being proved interested by the plaintiff, by Jordan's interrogatories, was no more competent to disprove that interest than any other fact in issue.   *Phil. Ev. notes* 260, 261.

5. And even if competent for that purpose, he shows that the sub-contract on which he was liable (as it is contended,) to a greater extent than on the principal contract, was at the time of his deposing, barred by the act of limitations.

6. The question of competency is one for the Court, and if the Court chose to believe Jordan rather than Petty as to Petty's interest, it was not error.

*By the Court.*—WARNER, J., delivering the opinion.

In this case, it appears from the record, that a motion was made in the Court below to arrest the judgment, which motion was allowed by the Court; exceptions were taken thereto, and the case was brought before this Court by writ of error, and the judgment of the Court below arresting the judgment, was *reversed.*   It also appears, that at the May Term of the Superior Court of the County of Muscogee, in the year 1846, when the motion was first made to arrest the judgment, notice was also given to the adverse party, that in the event the motion in arrest of judgment should be overruled, a motion for a new trial in the cause would be made. After the judgment of the Court below had been reversed by this Court, a motion was made, at November Term, 1846, for a new trial, in pursuance of the notice originally given, on the ground that the Court had improperly rejected the testimony of two witnesses, Petty and Jordan.   At the term of the Court when the case was tried on the appeal, and when the 'notice that a new trial would be moved for in the event the judgment should not be arrested, there was no *brief of the evidence filed,* by the party seeking the new trial, as required by the 61st rule of practice.

[1.]   By the act of the 7th of December, 1821, the judges of the Superior courts in this State were required to convene at the seat

Petty and others *vs.* Mahaffy.

of government, and establish uniform rules of practice for the several circuits. *Hotchk. Dig.* 500. In pursuance of this act, the judges, in convention, established the following rule : " A motion for a new trial shall not operate as a *supersedeas,* unless an order to that effect be entered on the minutes ; and in every application for a new trial, *a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the Court."* *Hotchk.* 951.

This rule was intended to guard the parties against surprise, by having the facts of the case settled while the same were fresh in the recollection of the court and the counsel.

The facts of the case, on which the court should be required to pronounce the judgment of the law, were not to depend on the vague recollection of parties, their counsel, or witnesses, but on the statement made in the brief, sanctioned by the *approval of the Court.* The wisdom of this rule, in a *practical* point of view, commends itself to our hearty approbation. We have already had occasion to review it, in *Graddy* vs. *Hightower*, 1 *Kelly R.* 255. One of the grounds of error assigned in that case was, " Because there was no brief of the testimony, approved by the Court or agreed upon by counsel, filed in the cause at the time the *rule nisi* was moved." In that case we said, " that nothing short of a *brief* of the testimony approved by the Court, and such approval entered on the minutes or agreed upon by the parties or their counsel, and such agreement entered on the minutes at the term at which the rule for a new trial is applied for, will be a compliance with the 61st rule of court;" and that ground of error was sustained in that case by this Court.

This is said to be a hard case, and it is insisted the Court ought to have permitted the introduction of the affidavits, to show what facts were proved on the trial. To do this would be to introduce the very mischief which the rule was intended to prevent; and although it might not be productive of mischief in this particular case, yet we are not willing to multiply or create exceptions to a rule which in our judgment is a wise one in its *general application.* Nothing is of more importance to society, governed by municipal regulations, than that their laws should be uniform, and uniformly administered.

Let the judgment of the Court below be affirmed.